Ex parte J. J. SHEPHERD.

No. A-3434.    Opinion Filed Sept. 1, 1920.

(192 Pac. 237.)

Petition for writ of habeas corpus by J. J. Shepherd. Petitioner discharged after hearing on rule to show cause.

Hainer & Ballinger, for petitioner.

The Attorney General and R. McMillan, Asst. Atty. Gen., for respondent.

PER CURIAM. This was a petition for writ of habeas corpus filed for the purpose of setting at liberty J. J. Shepherd. A rule to show cause was entered, answerable before this court August 22, 1918, at which time a hearing was had, and it was adjudged and ordered that petitioner be discharged. It is alleged in the petition that petitioner is unlawfully and unconstitutionally restrained of his liberty and confined in the county jail of Ottawa county by Ed. Freeman, sheriff of said county, upon an order of the judge of the county court of Ottawa county. It is further averred that:

"He was adjudged guilty of contempt of the county court of said county on the 24th day of July, 1918, by filing an affidavit of disqualification of the judge of said court on the question of bias and prejudice against this defendant, and that said judge was material witness on the part of the defendant in five misdemeanor cases then pending in said county court, a copy of which affidavit is hereto attached and made a part hereof, and that immediately upon the submission of said affidavit in each of said cases, asking for a change of judge, your petitioner was adjudged guilty of contempt of court, and was fined $500 in each of four of said cases, and ordered committed until the fines be paid, making an aggregate fine of $2,000, and in the other case your petitioner was ordered committed to the county jail of Ottawa county for a period of 12 months; that said imprisonment is illegal, unauthorized, and void for want of jurisdiction of the court to adjudge your petitioner guilty of contempt and further void for the reason that the court was without jurisdiction to assess said fines and order petitioner to be commited to jail until said fines be paid, for the further reason your petitioner committed no offense under the laws of this state, and that the court was without jurisdiction to render said judgments. Your petitioner furher alleges that he was summarily sentenced without having an opportunity to be heard or to procure counsel to represent him in said proceedings, which right is guaranteed to said petitioner by the Constitution and laws of this state, and therefore the judgments of conviction are void, and his imprisonment is without due process of law."

It is neither important nor necessary to discuss the questions presented in the record further than to say that in the case of Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A. 719, the questions presented in this case were determined, and upon the authority, and for the reason stated in the opinion in that case, it was held that petitioner is imprisoned without due process of law, and was entitled to a discharge from the imprisonment of which he complains. It was therefore adjudged and ordered that petitioner be discharged therefrom.